[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
The plaintiff's have filed this summary process action seeking a judgment of possession for the premises known as 71 Liberty Street, second floor, in Pawcatuck, Connecticut.
On November 17, 2000 the plaintiff's served the defendant with a notice to quit, which cited expiration of lease as the reason. The notice demanded that the defendant vacate the premises by December 1, 2000. The plaintiff's subsequently commenced this action, with a complaint dated December 13, 2000. On that date, the defendant filed a pro se appearance and her answer to the complaint. Based on the forgoing, the court finds that the defendant received appropriate notice of this proceeding, and that the court has jurisdiction over the matter.
 FACTUAL FINDINGS
The following facts were proven by a preponderance of the evidence at trial,[1] which was held on February 9, 2001: CT Page 2591
On or about May 23, 1997, the parties entered into a written, one-year lease[2] wherein the plaintiff agreed to rent the subject premises to the defendant in return for rental payments of $500 per month. The defendant took occupancy on or about May 23, 1997, and has been in possession of the premises continuously since then.
The written lease expired in May 1998, and no other written rental agreement was ever signed by the parties. Since May 1998, the defendant has rented the second floor apartment at 71 Liberty Street pursuant to an oral, month-to-month rental agreement.
In November 2000, the plaintiff's decided that they no longer wished to rent to the defendant. As noted above, a valid notice to quit was served on the defendant on November 17, 2000.
The defendant admitted in her answer to the summary process complaint that the lease has terminated by lapse of time.
The court finds as proven by a preponderance of the evidence that the defendant's lease of the 71 Liberty Street apartment has expired by lapse of time.
At trial, the defendant commented about her inability to find other housing, and stated the reasons why she needs to remain in her current residence for a longer period of time. While this testimony might possibly be germane to the issue of a stay of execution,[3] it was not evidence of a legal defense to the alleged ground for eviction in this case.
Accordingly, judgment of possession may enter in favor of the plaintiff
SO ORDERED.
BY THE COURT:
______________ Dyer, J.